IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Mendoza-Angiano, <br><br> Movant/Defendant, <br><br> vs. <br><br> United States of America, <br><br> Respondent/Plaintiff. | No. CV 16-04595-PHX-NVW (MHB) <br> CR 06-00993-1-PHX-NVW <br><br> **AMENDED REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

On March 17, 2017, the Ninth Circuit Court of Appeals granted Movant the right to file a second or successive § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 motion"), and the matter was remanded to this Court. (CVDocs. 4, 5.)[1]  Thereafter, the Court appointed counsel to represent Movant, and granted counsel leave to file an amended 2255 motion. (CVDoc. 9.)  On May 24, 2017, Movant, through counsel, filed an Amended 2255 motion. (CVDoc. 12.)  The Government subsequently filed a Response (Doc. 14), and Movant filed a Reply (Doc. 15).

**BACKGROUND**

On November 8, 2006, Movant was indicted on six felony counts, to include count 2, cultivation of more than 1000 marijuana plats, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Hereinafter "CVDoc." will refer to docket entries in CV 16-04595, and "CRDoc." will refer to docket entries in CR 06-0993, unless otherwise noted.

841(b)(1)(A), and count 5, possession of a firearm during and in relation to a crime of violence, that being felony assault on a federal officer, in violation of 18 U.S.C. § 924(c)(1). (CRDoc. 14.)   Movant subsequently pled guilty to counts 2 and 5 pursuant to a plea agreement. (CRDoc. 32.)  A stipulation in the plea agreement provided that Movant would be sentenced 17 years in prison, the minimum sentence provided by law for the offenses. (CRDoc. 40.)  The factual basis for his guilty plea was as follows:

> On and before October 22nd, 2006, I was working in a marijuana "garden" near Maple Springs Draw, within the Tonto National Forest, in the District of Arizona.  I assisted in the harvesting of the "buds" of some of the plants, as directed, when they were ready.  I lived in the "garden" while I conducted my cultivation responsibilities.  There were far in excess of 1,000 marijuana plants in the "garden" that I was responsible to harvest.  I am familiar with what marijuana plants look and smell like. I was fully aware that the plants I was harvesting were marijuana plants.  I agree that my activities constitute cultivation of over 1,000 marijuana plants.

> On October 22nd, 2006, while I was working in the marijuana "garden" I noticed footprints that I did not recognize.  I had been warned by the people who brought me there that thieves may come to steal the marijuana and assault or kill me.  I was given a mini 14 assault rifle to protect the marijuana plants and myself.  I followed the foot prints up a trail until I came upon a man who pointed a handgun at me and yelled, "Police, Policia".  When he did this I brought the mini 14 up to my shoulder, aimed it toward the man, and prepared to shoot.  The man shot me first and I fell to the ground.  It was not until I was on the ground that it registered in my mind that the man was a federal law enforcement agent.

(CRDoc. 40 at 7.)

The plea agreement also contained a waiver of defenses and appeal paragraph, which provided:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement.  The defendant further waves: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(CRDoc. 40 at 4.)

Movant was sentenced on June 25, 2007, to the stipulated sentence of 17 years (204 months) in prison. (CRDoc. 41.) On July 16, 2007, Movant filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective in that Movant felt pressure to take the plea bargain because he was afraid of receiving a life sentence if he went to trial. (CRDoc. 44 at 4.) The Court summarily denied relief on August 10, 2007. (CRDoc. 46.)

On October 13, 2015, Movant filed a Motion to Reduce Sentence Pursuant to Retroactive Amendment 782 for Drugs Quantity Table Effective November 1, 2015. (CRDoc. 52.) In his motion he challenged his sentence after the United States Sentencing Guidelines were amended to reduce certain drug-crime sentences by 2 guideline levels. (Id.) The Court summarily denied the motion on October 21, 2015. (CRDoc. 56.) Movant appealed the ruling, and on June 9, 2015, the Ninth Circuit Court of Appeals summarily affirmed. (CRDocs. 58, 63-1.)

On June 14, 2016, Movant submitted a letter to the Court asserting that he is entitled to a sentence reduction pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) (decided June 26, 2015). (CRDoc. 61.) The Clerk of Court treated Movant's letter as a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 motion"). On June 16, 2016, the Court denied the 2255 motion as successive, requiring approval from the Ninth Circuit, pursuant to 28 U.S.C. §§ 2255(h) and 2244. (CRDoc. 62.) The Court dismissed the motion without prejudice, and directed the Clerk of Court to refer the motion to the Ninth Circuit Court of Appeals. (Id.) The Ninth Circuit treated the transfer of Movant's filing as an application for authorization to file a second or successive section 2255 motion, and found that Movant had made a *prima facie* showing under Johnson, thus authorizing the filing of a successive 2255 motion and deeming it filed on June 14, 2016. (CRDoc. 66-2 at 1-2.)

Counsel was thereafter appointed to represent Movant, and on May 24, 2017, filed the instant Amended 2255 motion. (CVDoc. 12.) In his 2255 motion, Movant raises the following claims: (1) Movant's conviction for brandishing a firearm is invalid because 18

- 3 -

U.S.C. 924(c)(3)(B) suffers from the same constitutional infirmity as 18 U.S.C. § 924(e)(2)(B), the residual clause of the Armed Career Criminal Act, found invalid by the Court in <u>Johnson</u>; and, (2) that the "elements clause," 18 U.S.C. § 924(c)(3)(A), is inapplicable as Movant's underlying assault conviction does not categorically involve the requisite degree of force.

The Government in its response asserts that Movant's 2255 motion should be denied as (1) it is barred by the appeal waiver in Movant's plea agreement; (2) it is untimely and procedurally barred; and (3) Movant's assault conviction qualifies under the elements clause of 18 U.S.C. § 924(c)(3), and thus, the holding in <u>Johnson</u> does not apply, and in any event, neither the Supreme Court nor the Ninth Circuit has held that the "residual clause" is constitutionally infirm.

## PLEA WAIVER

Movant's plea agreement contained a plea waiver provision, that provided in pertinent part: "defendant further waives: . . . any right to collaterally attack defendant's conviction and sentence under Title 28 United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case." (CRDoc. 40 at 4.)  A defendant may waive his right to appeal and collaterally attack a conviction and sentence. See <u>United States v. Leniear</u>, 574 F.3d 668, 672 & n.3 (9th Cir. 2009); <u>see also United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993). A waiver, pursuant to a plea agreement, is enforceable if "(1) the language of the waiver encompasses the basis of the challenge, and (2) the waiver was knowingly and voluntarily made." <u>United States v. Medina Carrasco</u>, 815 F.3d 457, 461 (9th Cir. 2015) (citation omitted). An exception to the enforceability of a plea waiver, however, is where "the sentence violates the law." <u>United States v. Bibler</u>, 495 F.3d 621, 624 (9th Cir. 2007); <u>United States v. Torres</u>, 828 F.3d 1113, 1125 (9th Cir. 2016) (plea waiver not enforced against defendant sentenced under unconstitutional U.S.S.G. Sentencing Guideline).

Movant does not dispute that he was a party to the plea agreement that contained an appeal waiver, and that his waiver was knowingly and voluntarily made. He asserts however, that his sentence violates the law. An analysis of the lawfulness of Movant's sentence is undertaken in the merits analysis, *infra*.

**TIMELINESS**

The Government asserts that Movant's 2255 motion should be dismissed because it was filed on June 14, 2016, more than one year after his conviction became final on April 17, 2006. Movant does not dispute that his motion was filed more than one year after his conviction became final, but argues that, in his case, the statute of limitations runs from the date Johnson was decided June 26, 2015. A 2255 motion may be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). Movant argues that the ruling in Johnson was made retroactive to cases that are final on direct review in Welch v. United States, 136 S. Ct. 1257 (2016).

The Government asserts that the right recognized by Johnson is not the same right that Movant asserts in his 2255 motion. In Johnson, the Supreme Court found that a provision under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(3)(B) is unconstitutional, and Movant challenges the constitutionality of a different statutory provision, 18 U.S.C. § 924(c)(3)(B). In fact, the Government asserts, the Supreme Court specifically disavowed the application of its ruling to other statutes.

> The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. [] Not at all.

Johnson, 135 S.Ct. at 2561; see also In re Fields, 826 F.3d 785, 787 (5th Cir. 2016) (per curiam) ("[T]he Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B)."). Also, the Supreme Court currently has pending before it re-argument in Sessions v. Dimaya, No. 15-1498, a case in which there is a constitutional

challenge to 18 U.S.C. § 16(b), a statutory provision nearly identical to § 924(c). Thus, the Government argues, the Supreme Court has not recognized that the residual clause of § 924(c)(3) as unconstitutionally vague as Movant asserts, and therefore his 2255 motion is untimely. See also, United States v. Taylor, 206 F.Supp.3d 1148, 1156-57 (E.D. Va. 2016) ("the right at issue in *Johnson* was not a new right, but was instead the well-settled prohibition against unconstitutional vagueness in criminal statutes," . . . the "newly recognized rule" was that the residual clause of the ACCA is unconstitutionally vague).

The Government also references a split among the circuits that have considered the constitutionality of § 924(c)(3)(B) under Johnson, thus further demonstrating that Movant's right has not been clearly recognized by the Supreme Court. Compare, United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016) (holding the 924(c) residual clause to be unconstitutionally vague) with United States v. Prickett, 839 F.3d 697, 699 (8th Cir. 2016) (holding the 924(c) residual clause not unconstitutionally vague); United States v. Taylor, 814 F. 3d 340, 375-76 (6th Cir. 2016) (same); and United States v. Hill, 832 F.3d 135, 145 (2d Cir. 2016) (same). And, the Fourth Circuit sitting *en banc* recently noted a claim that § 924(c)(3)(B) is invalid would not survive plain error review as its sister circuits were divided on the issue. United States v. Graham, 824 F.3d 421, 424 n. 1 (4th Cir. 2016) (*en banc*).

Movant does not respond to the Government's arguments in his Reply, but notes that *pro se* filings may be treated more leniently than filings by attorneys, citing Haines v. Kerner, 404 U.S. 519 (1972), and that the Ninth Circuit, in permitting a successive petition, found that Movant had made out a *prima facie* case under Johnson. Haines does not apply, because Movant is represented in this proceeding. And, Movant does not cite authority to support his argument that the Ninth Circuit's finding of a prima facie case is a substantive finding that the rule announced in Johnson applies to Movant's case.

The Government also asserts that, even if Johnson applies to § 924(c)(3), Movant can not rely on Johnson, because Movant was sentenced under the elements clause of the statutory provision, which was not invalidated in Johnson. In United States v. Geozos, the Ninth Circuit addressed the "threshold question" of whether or not a defendant's claim relied

on the rule announced in Johnson, "such that he may bring that claim in a second or successive § 2255 motion." 870 F.3d 890, 894 (9th Cir. 2017). Defendant in that case was sentenced under the ACCA, and raised a claim pursuant to Johnson that his sentence was unconstitutional. The Court found that, if defendant's claim relied on the theory that he was sentenced as a violent offender pursuant to the residual clause of the ACCA, then his 2255 claim "relie[d] on" Johnson. Geozos, 870 F.3d at 895. Alternatively, if the defendant's claim relied upon the theory that he was sentenced improperly under the force clause of the ACCA, his claim would not rely upon Johnson, and would be untimely. Id.

A discussion of whether or not Movant was sentenced properly under the elements clause of § 924(c)(3) is undertaken under the merits analysis, *infra*.

## PROCEDURAL DEFAULT

The Government asserts alternatively that Movant's claim is procedurally defaulted. Movant does not dispute that he did not raise his claim on appeal, but asserts that the remedy of Johnson was not available to him at the time he filed his direct appeal. However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States, 523 U.S. 623 (1998) (citation and internal quotations omitted). In fact, in his 2255 motion, Movant relies on cases decided earlier than Johnson, to support his substantive argument that the crime of assault on a federal officer does not carry the necessary *mens rea* to categorically meet the elements clause of 924(c)(3). See Dominguez v. Maroyoqui, 748 F.3d 918 (9th Cir. 2014); United States v. Feola, 420 U.S. 671 (1975); Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") (the term "violent felony" means violent force).

Alternatively, the Government asserts that, even if Movant can demonstrate cause for not raising his claim on appeal, he can not demonstrate prejudice because assault on a federal officer remains a crime of violence post-Johnson, which is essentially a merits argument. The Court will thus address the merits of Movant's claim as a prejudice analysis, but also as an alternative merits analysis should Movant's claim be determined to be timely, or to determine the enforceability of Movant's plea waiver.

**MERITS**

Movant was charged in count 4 of the indictment with assault on a federal officer with a deadly weapon, and this charge was the predicate offense to Movant's § 924(c) conviction. Although count 4 references 18 U.S.C. § 111 without indicating subsection (a) or (b), the language of the indictment made clear that Movant was charged pursuant to § 111(b). Compare Indictment (CRDoc. 14 at 3) ("[Movant] knowingly and by means and use of a dangerous weapon, that is a Ruger Mini-14 .223 caliber assault rifle, did forcibly assault, resist, oppose, impede, intimidate, and interfere with [], a United States Forestry Service Officer, while he was engaged in his official duties"), with 18 U.S.C. § 111(b) (using a deadly or dangerous weapon, or inflicting bodily injury during the commission of the crime of forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with a federal officer while engaged in or on account of the performance of official duties).

Movant first asserts that, because he was not convicted of the predicate offense, it could not have served as a basis for a finding that it was a crime of violence pursuant to §924(c)(3), citing Santobello v. New York, 404 U.S. 257 (1971). This argument fails, as it is not dependent upon the ruling in Johnson, and therefore could have been raised on appeal, and is thus untimely raised. Alternatively, Movant argues that the predicate offense does not meet the elements clause of § 924(c)(3), and thus falls under the residual clause, rendering his sentence unconstitutional as the residual clause is nearly identical to the residual clause found unconstitutional in Johnson. The Government asserts that the predicate offense is a crime of violence under the elements clause of § 924(c)(3).

The elements clause of § 924(c)(3) reads as follows:

> Crime of violence means an offense that is a felony and **(A) has as an element the use, attempted use, or threatened us of physical force against the person or property of another.**
> (emphasis added).

Movant pled guilty to count 5 of the indictment charging him with Possessing and Brandishing a Firearm During and in Relation to a Crime of Violence. (CRDoc. 14 at 3.) The Government asserts that the Ninth Circuit has already determined that assault on a

federal officer with a deadly weapon is categorically a crime of violence pursuant to 18 U.S.C. § 16(a) (the "elements clause"). See United States v. Juvenile Female, 566 F.3d 943, 947 (9th Cir. 2009) ("assault involving a deadly or dangerous weapon or resulting in bodily injury under 18 U.S.C. § 111 is categorically a crime of violence"). The elements clause of 18 U.S.C. § 16 is identical to the elements clause of § 923(c)(3). See also United States v. Taylor, 848 F.3d 476, 494 (9th Cir. 2017) (assault under 18 U.S.C. § 111(b) requires violent force and is therefore a crime of violence under the elements clause of §924(c)); United States v. Rafidi, 829 F.3d 437, 445 (6th Cir. 2016) (holding that § 111(b) has as an element the use or attempted use of "'violent force' - that is, force capable of causing physical pain or injury to another person," citing Johnson I, 130 S.Ct. 1265 (2010)) .

Movant cites Dominguez-Maroyoqui as authority for his assertion that Movant's predicate offense does not qualify under the elements clause. Dominguez is distinguishable, however, as the statutory provision at issue in Dominguez, 18 U.S.C. § 111(a), is inapplicable here. Dominguez-Maroyoqui, 748 F. 3d at 920. In the instant case, like the defendant in Juvenile Female, Movant's offense involved a deadly or dangerous weapon under §111(b). "A defendant charged with [] assault with a deadly or dangerous weapon, must have always threatened [the] use of physical force." Juvenile Female, 566 F.3d at 948.

Movant also asserts in his Reply that, since there were insufficient findings that he committed the offense charged in count 4 (assault on a federal officer with a deadly weapon), that crime can not serve to enhance his sentence as a crime of violence. It is clear however, as noted above, that Movant's predicate offense was the crime charged in count 4, and that the conduct stated a violation of 18 U.S.C. § 111(b). Movant's plea agreement makes clear that Movant's conviction for Possessing and Brandishing a Firearm During and in Relation to a Crime of Violence required a finding that the predicate offense was committed. Movant admitted in his agreement that the government could prove beyond a reasonable doubt that:

> [o]n or about October 22nd, 2006, in the District of Arizona, the defendant committed the crime of Assault on a Federal Officer with a Deadly Weapon[.]

- 9 -

*Assault on a Federal Officer with a Deadly Weapon requires proof of the following elements:*

*1. The defendant intentionally used force in assaulting a Federal Officer*

*2. The defendant did so while the Federal Officer was engaged in official duties;*

*3. and the defendant used a firearm.*

The defendant knowingly brandished a firearm; and

The defendant brandished the firearm in relation to the crime of Assault on a Federal Officer With a Deadly Weapon.

(CRDoc. 40 at 6) (emphasis, on elements of predicate offense, in original).

Because Movant's predicate offense qualifies as a crime of violence under the elements clause of § 924(c)(3), see Juvenile Female, 566 F.3d at 947, even if the residual clause is unconstitutionally vague under Johnson, he would not be entitled to relief.

**CONCLUSION**

For various reasons, Movant's 2255 motion should be denied and dismissed with prejudice. Movant's claim is barred by a valid appeal waiver, his 2255 motion is untimely, and procedurally defaulted, and Movant does not demonstrate cause and prejudice. Additionally, as set forth above, Movant's 2255 motion fails on the merits.

**IT IS THEREFORE RECOMMENDED** that Movant's Amended 2255 Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255, (CVDoc. 12), be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that the Court deny a Certificate of Appealability and leave to proceed in forma pauperis on appeal because Movant has not made a substantial showing of the denial of a constitutional right, and dismissal of the habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

\\\

\\\

- 10 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 30th day of March, 2018.

Michelle H. Burns
Michelle H. Burns
United States Magistrate Judge

- 11 -