**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Mendoza-Angiano,<br><br>Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>Respondent/Plaintiff. | No. CV-16-04595-PHX-NVW (MHB)<br>CR-06-00993-1-PHX-NVW<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michelle H. Burns (Doc. 17) regarding Alejandro Mendoza-Angiano's Amended Motion Under 28 U.S.C. § 2255 ("Amended § 2255 Motion") (Doc. 12). Movant filed an objection to the R&R and a supplemental objection, and Respondent filed a response. (Docs. 18, 20, 21.) Because the Amended § 2255 Motion is untimely under 28 U.S.C. § 2255(f) and *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), the Court does not reach the remainder of the issues addressed by the R&R.

**I.    BACKGROUND**

On November 8, 2006, Movant was indicted on six felony counts, which included count 2, cultivation of more than 1000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and count 5, possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Movant subsequently pled

guilty to counts 2 and 5 pursuant to a plea agreement. On June 25, 2007, Movant was sentenced to the stipulated sentence of 17 years.

On July 16, 2007, Movant filed *pro se* a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective in that Movant felt pressure to take the plea bargain because he was afraid of receiving a life sentence if he went to trial. The Court summarily denied relief on August 10, 2007.

On October 13, 2015, Movant filed a motion to reduce his sentence after the United States Sentencing Guidelines were amended to reduce certain drug-crime sentences by two guideline levels. The Court summarily denied the motion on October 21, 2015. Movant appealed the ruling, and on June 9, 2016, the Ninth Circuit summarily affirmed.

On June 14, 2016, Movant submitted a letter to the Court asserting that he is entitled to a sentence reduction pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. (2015) (decided June 26, 2015). The Clerk of Court treated Movant's letter as a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On June 16, 2016, the Court denied the motion as successive, requiring approval from the Ninth Circuit, dismissed the motion without prejudice, and directed the Clerk to refer the motion to the Ninth Circuit. Treating the transferred motion as an application for authorization to file a successive § 2255 motion, the Ninth Circuit found that Movant had made a *prima facie* showing under *Johnson*, authorized the filing of a successive § 2255 motion, and deemed it filed on June 14, 2016. Counsel was appointed to represent Movant and filed the Amended § 2255 Motion on May 24, 2017.

## II. LEGAL STANDARD

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of applications for post-trial relief by individuals convicted of criminal offenses. 28 U.S.C. § 636(b)(1)(B). If any party files a written objection to the proposed findings and recommendations, the district judge "shall

make a de novo determination of those portions of the proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

**III. ANALYSIS**

The Amended § 2255 Motion requests that the sentence imposed under 18 U.S.C. § 924(c) be vacated as the crime is unconstitutionally vague under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Movant contends that the motion is timely under 28 U.S.C. § 2255(f)(3). The R&R recommends that the Amended § 2255 Motion be dismissed as untimely because § 2255(f)(3) does not apply if the Supreme Court has not recognized the right Movant claimed. After briefing regarding objections to the R&R was complete, the Ninth Circuit issued *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), holding that the Supreme Court has not extended *Johnson* to sentences imposed pursuant to 18 U.S.C. § 924(c).

A prisoner in custody under sentence of a federal court may move the court to vacate, set aside, or correct the sentence on the ground that the sentence was imposed in violation of the Constitution or federal law within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The issue in this case is whether the one-year limitations period ran from the date on which the conviction became final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review." 28 U.S.C. § 2255(f)(1), (3). Movant contends that the one-year limitations period ran from June 26, 2015, the date the Supreme Court issued *Johnson*, which would make the Amended § 2255 Motion timely because it was deemed filed on June 14, 2016.

In *Johnson*, the Supreme Court held that the part of the definition of a "violent felony" in 18 U.S.C. § 924(e)(2)(B) that includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. 135 S. Ct. at 2563. The new right recognized in *Johnson* was made retroactively applicable in *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1268 (2016). In *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204, 1210, 1216, 1223 (2018), the Supreme Court concluded that a similar part of the definition of a "crime of violence" in 18 U.S.C. § 16(b) also is unconstitutionally vague.

In *Blackstone*, the Ninth Circuit held that *Johnson* did not announce a new rule that is applicable to the part of the definition of a "crime of violence" in 18 U.S.C. § 924(c) that includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 903 F.3d at 1028. The Ninth Circuit expressly stated that the Supreme Court has not recognized that part of § 924(c)'s definition as void for vagueness in violation of the Fifth Amendment. *Id.* Movant's sentence was based on § 924(c), not § 924(e). Therefore, the one-year limitations period ran from the date on which Movant's conviction became final, not the date *Johnson* was issued, and the Amended § 2255 Motion is untimely.

Because the Amended § 2255 Motion is time-barred under *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. Sept. 12, 2018), the Court does not reach the remainder of the R&R.

IT IS THEREFORE ORDERED that Movant's Objections to the Report and Recommendation of the Magistrate Judge are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge is accepted only with respect to its recommendation that the Amended

- 4 -

§ 2255 Motion be dismissed with prejudice as untimely, and the remainder of the R&R is rejected as moot.

IT IS FURTHER ORDERED that Movant Alejandro Mendoza-Angiano's Amended Motion Under 28 U.S.C. § 2255 (Doc. 12) is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk enter judgment accordingly and terminate this action.

IT IS FURTHER ORDERED that a certificate of appealability and leave to proceed in forma pauperis on appeal are denied because jurists of reason would not find debatable the Court's denial of the Amended § 2255 Motion as untimely under *Blackstone*.

Dated this 26th day of February, 2019.

_____
Neil V. Wake
Senior United States District Judge